IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MAJOR MIKE WEBB,** *et al.,*

      **Plaintiffs,**

  **v.**　　　　　　　　　　　　　　　　　　　　　Civil Action No. 3:22cv392

**JAMES CHRISTIAN KIMMEL,** *et al.,*

      **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Plaintiff Major Mike Webb's Second Amended Complaint. (ECF No. 35.)

Webb's Second Amended Complaint offends Federal Rule of Civil Procedure 8, which requires a short and plain statement of the grounds for this Court's jurisdiction and a statement of the claims showing that the plaintiff is entitled to relief, and the Court's April 5, 2023 Order directives regarding the Second Amended Complaint. (ECF No. 27.)

The Court ordered that Webb file a Second Amended Complaint "which outlines in simple and straightforward terms why Webb thinks that he is entitled to relief and why the Court has jurisdiction over the case." (ECF No. 27, at 2.) The Court ordered that the Second Amended Complaint comply with the following directions:

    1.    At the very top of the amended pleading, Major Mike Webb must place the following caption in all capital letters: "SECOND AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:22cv392."

    2.    The first paragraph of the particularized amended complaint must contain a list of defendant(s). Thereafter, in the body of the particularized amended complaint, **Webb must set forth legibly, in separately numbered paragraphs a short statement of the facts giving rise to his claims for relief.** Thereafter, **in separately captioned sections, Webb must clearly identify each federal or state law allegedly violated.** Under each section,

        Webb must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion.

3. Webb shall also include the relief he requests – what in the law is called a "prayer for relief."

4. The particularized amended complaint must stand or fall on its own accord. Webb **may not reference statements in the prior complaint.**

5. The particularized amended complaint must **omit any unnecessary incorporation of factual allegations** for particular claims and **any claim against any defendant that is not well-grounded in the law and fact.** See *Sewraz v. Guice*, No. 3:8cv35, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

(ECF No. 27, at 2.) Webb was advised that his failure to strictly comply with these directives and with applicable rules would result in the dismissal of this action without prejudice. (ECF No. 27, at 2.)

        The Court finds that Webb's Second Amended Complaint does not comply with the clear instructions set forth in the Court's April 5, 2023 Order. (ECF No. 27.) Specifically, the Second Amended Complaint (i) does not "set forth [the statement of facts] . . . giving rise to his claims for relief;" (ii) does not "and explain why he believes each defendant is liable to him . . . [and] reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion;" and, (iii) does not "omit any unnecessary incorporation of factual allegations fo particular claims and any claim against any defendant that is not well-grounded in the law and fact." (ECF No. 27, at 2.) Pursuant to Federal Rule 41(b), the Court may dismiss an action when a plaintiff fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Zaczek v. Fauquier Cty.*, 764 F. Supp. 1071, 1075 n.16 (E.D. Va. 1991) (citing *Link v.*

2

*Wabash R. Co.*, 370 U.S. 626, 630 (1962)) (explaining that a court may "act on its own initiative" with respect to dismissals under Federal Rule 41(b)).

Further, when a plaintiff is granted authorization to proceed *in forma pauperis*, the court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). A complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court has reviewed Webb's Second Amended Complaint pursuant to this statutory screening obligation and finds that the stated "facts" amount to no more than mere "labels and conclusions" declaring that Webb is entitled to relief. *Twombly*, 550 U.S. at 555. Thus, the Second Amended Complaint, in its current form, fails to state a plausible claim for relief against Defendants.

Accordingly, Webb's Second Amended Complaint is DISMISSED WITHOUT PREJUDICE. (ECF No. 35.) Defendants WUSA9, American Broadcast Company Inc., and James Christian Kimmel's Motions to Dismiss are DENIED as MOOT. (ECF Nos. 37, 41.)

An appropriate Order shall accompany this Memorandum Opinion.

Date: 5-18-2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge